IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Henry Thompson, II, | ) | C/A No.: 1:24-3331-TMC-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND |
| Warden of Livesay Correctional Institution, | ) | RECOMMENDATION |
| | ) | |
| Respondent. | ) | |
| | ) | |

James Henry Thompson, II ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's return and motion for summary judgment. [ECF Nos. 23, 24]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [ECF No. 25]. Petitioner filed a response on November 6, 2024, including a cross motion for summary judgment. [ECF No. 27].

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends Respondent's motion for summary judgment be granted, Petitioner's motion for summary judgment be denied,

and the petition be dismissed with prejudice as barred by the applicable statute of limitations.

I. Factual and Procedural Background

On March 3, 2022, Petitioner was indicted by the York County Grand Jury for resisting arrest. [ECF No. 23-1 at 1–2]. Petitioner was represented by Sixteenth Judicial Circuit Assistant Public Defender Mark T. McKinnon ("McKinnon"). *Id.*

On February 17, 2023, Petitioner pled guilty before the Honorable Daniel D. Hall to plead guilty and was sentenced to ten-years suspended upon the service of eight years with the balance to be suspended with three years' probation. *Id.* at 3–4.

Respondent asserts, and Petitioner does not dispute, that Petitioner failed to file an appeal or application for post-conviction relief. Instead, Petitioner filed this petition for writ of habeas corpus dated May 30, 2024, asserting the following grounds:

> GROUND ONE: Denied [] due process and preliminary hearing. Denied [] due process, due diligence and Preliminary hearing. I was wrongfully charged at first with two counts of assault and battery of a high and aggravated nature and two counts of resisting arrest with assault, it took his Public Defender one year to visit me and I asked for a preliminary hearing but did not receive a preliminary hearing.
>
> GROUND TWO: False Arrest. I was falsely arrested and charged and with no evidence the officers in his case wrote a statement case #P2009030099 stating I resisted arrest striking them and biting one officer and then by direction of their supervisor, wrote another

>statement saying I choked officers which could result in death to trumped up my charges to add two more charges, two counts of assault and high aggravated nature hours later.
>
>GROUND THREE: Ineffective Assistance of Counsel. I had three different public defenders, the first one took fourteen months to visit me about my case, and didn't have no plea. I asked for a bond and preliminary, but never got one. This attorney disappeared from my case no longer working there. The next one would not help me with bond or prelim, I fired him by the judge. My third attorney got the plea eight years but formed me to take it after I said I wanted a jury trial.
>
>GROUND FOUR: Cruel and Unusual Punishment. I was offered eighth years after two and a half years in Jail with no bond or preliminary hearing. I had three attorneys who would not help me or listen to me. An original plea of 0–12 violent for two counts of assault and high aggravated and two counts of resisting arrest but the plea changed to one count of resisting arrest with eight years, when I went in the court they added three years probation.

[ECF No. 1 (errors in original)].

II. Discussion

    A.    Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At the summary judgment

stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

B.  Habeas Corpus Standard of Review

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented at the State court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410. Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

    C.    Analysis

The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A)  **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (emphasis added).

After pleading guilty and being sentenced on February 17, 2023, Petitioner failed to file a notice of appeal before the South Carolina Court of Appeals. In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. Thus, if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt and the one-year statute of limitations begins to run. *See, e.g., Hampton v. Warden of Leath Corr. Inst.*, C/A No. 9:22-00967-JFA-MHC, 2023 WL 3071416, at *1 (D.S.C. Apr. 24, 2023) ("Because she did not file a direct appeal or a PCR action, her conviction and sentence because final ten days after her guilty plea and sentencing on March 31, 2007. As a result, the applicable one-year statute of limitations began to run on April 1, 2007, and expired one year later on April 1, 2008.").

Petitioner filed this petition for writ of habeas corpus after the expiration of the applicable one-year statute of limitations. Petitioner appears to concede as much, but argues that he is entitled to equitable tolling as follows:

> Petitioner produces extraordinary circumstances beyond Petitioner's control and external to Petitioner's own conduct. In that Petitioner's lack of knowledge of the law that is not part of current present status of Petitioner. Petitioner was not and has not been informed of proper procedure of filing habeas corpus. Petitioner has been advised by Public Defender about appeals within ten days but Petitioner never has gotten past appeal stage . . . .

[ECF No. 8 at 3 (errors in original)].

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition. *Harris v. Hutchinson*, 209 F.3d 325, 329–30 (4th Cir. 2000). The Fourth Circuit has underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330.

In 2010, the United States Supreme Court considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The *Holland* Court reiterated its prior holding that the statute would be equitably tolled "only if [the petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" demonstrating that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Here, Petitioner has not shown extraordinary circumstances, notwithstanding his assertions concerning his insufficient or incorrect knowledge as to habeas corpus procedures. *See, e.g., Boatwright v. Stonebreaker*, C/A No. 0:23-5069-TMC-PJG, 2024 WL 4393279, at *4 (D.S.C. Sept. 11, 2024) (collecting cases and noting "to the extent Boatwright was not aware of the statute of limitations deadlines (although he does not argue this), such argument does not avail him, as it is well recognized that such factors do not warrant equitable tolling."), *report and recommendation adopted*, No. 0:23-CV-05069-TMC, 2024 WL 4381481 (D.S.C. Oct. 3, 2024).

Similarly, Petitioner has not shown he has been diligently pursuing his rights. The diligence detailed by the petitioner in *Holland* stands in marked contrast to Petitioner's allegations here. *See* 560 U.S. 635–44. Holland provided the courts with a detailed description of his efforts to pursue habeas relief. *See id.* From that description, the Supreme Court was able to conclude that Holland acted with sufficient diligence because:

> Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins—the central impediment to the pursuit of his legal remedy—removed from his case. And, the *very day* that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court.

*Id.* at 653.

Based on the information before the court, the undersigned finds that equitable tolling of the statute of limitations is not merited. Petitioner has not submitted any facts showing he meets the *Holland* test. Based upon the foregoing, the undersigned recommends the petition be dismissed with prejudice as barred by the applicable statute of limitations.

IT IS SO RECOMMENDED.

December 3, 2024
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).