IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| James Henry Thompson, II, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 1:24-cv-03331-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden of Livesay Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner James Henry Thompson, II, proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to a magistrate judge for pretrial handling. The magistrate judge issued an order, notifying Petitioner that the court was considering dismissing his case based on the running of the one-year statute of limitations. (ECF No. 4). She gave Petitioner an opportunity to submit additional information concerning the issue, *id*. at 2, and Petitioner filed additional documentation in response, (ECF No. 8). Respondent filed a motion for summary judgment, (ECF No. 24), arguing, among other things, that the case is subject to summary judgment due to Petitioner's failure to timely file his petition, (ECF No. 23). The court subsequently issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedures and the possible consequences if he failed to adequately respond to the motion. (ECF No. 25). In response, Petitioner filed what he captioned as a "motion to object [to] summary judgment for Respondent and motion for summary judgment in favor of Petitioner." (ECF No. 27).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Respondent's motion for summary judgment be granted, Petitioner's motion for summary judgment be denied, and the petition be dismissed with prejudice as barred by the applicable statute of limitations. (ECF No. 28). The magistrate judge informed Petitioner of his right to file objections to the Report, *id*. at 10, and the Clerk's Office mailed the Report to Petitioner's last known address, (ECF No. 29). The Report has not been returned to the court as undeliverable; therefore, Petitioner is presumed to have received it. Nevertheless, Petitioner failed to file objections to the Report, and the deadline to do so has passed.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Therefore, having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court **ADOPTS** the Report in its entirety, (ECF No. 28), and incorporates it herein. Thus, Respondent's motion for summary judgment, (ECF No. 24), is **GRANTED**, Petitioner's motion for summary judgment, (ECF No. 27), is **DENIED**, and the petition for a writ of habeas corpus, (ECF No. 1), is **DISMISSED with prejudice**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In the instant matter, the court finds that Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability. However, the Petitioner is advised that he may seek a certificate of appealability from the United

States Court of Appeals for the Fourth Circuit pursuant to Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>Chief United States District Judge

Anderson, South Carolina
January 2, 2025